UNITED STATES of America, Plaintiff,

v.

ONE UNLABELED UNIT, MORE OR LESS, OF AN ARTICLE OF DEVICE AND PROMOTIONAL BROCHURES, Accompanying Labeling, Labeled in Part:

(brochure)

" * * *Thor of Genesis I * * * Vibrational Sound Instrument * * * Manufactured by: Chakras Sound Systems, Inc. * * * Richmond Heights, Ohio * * * ", Defendant.

No. 1:93CV1724.

United States District Court,
N.D. Ohio,
Eastern Division.

Feb. 21, 1995.

Iden Grant Martyn, Alexander A. Rokakis, Office of the U.S. Atty., Cleveland, OH, Christopher B. McHenry, U.S. Food and Drug Admin., Rockville, MD, for plaintiff.

Paige A. Martin, South Euclid, OH, for defendant.

### *MEMORANDUM OF OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS*

WELLS, District Judge.

This case is before the Court on the United States of America's motion for summary judgment on its complaint and its motion to dismiss the claimant's counterclaims or alternatively for summary judgment on the counterclaims.

This is an *in rem* action for seizure and condemnation of an article of device under the Food, Drug and Cosmetic Act, 21 U.S.C. § 301, *et seq.* The United States contends this device is adulterated under the terms of 21 U.S.C. § 351(f)(1)(B), and is misbranded under the terms of 21 U.S.C. § 352(a) and (*o*). A warrant of monition and seizure was issued for the device, Thor of Genesis I ("Thor"), at the premises of Window of the Mind Bookstore, a/k/a Calf Mother Company. Calf Mother then filed a claim of ownership of the device and filed an answer and counterclaim against the United States. The counterclaim asserted claims under 42 U.S.C. §§ 1981 and 1983, because (1) the seizure of Thor violated Calf Mother's due process rights, (2) Thor was improperly classified as a Class III device, (3) any illegal representations about Thor were made by the manufacturer, who had no interest in the property seized, and not by Calf Mother, and (4) Calf Mother has incurred business losses due to the wrongful taking of its property.

The United States now moves for summary judgment in its favor on the complaint, and for dismissal or summary judgment on the counterclaim. The United States contends (1) Thor is a "device" within the meaning of 21 U.S.C. § 321(h), (2) Thor is adulterated under 21 U.S.C. § 351(f)(1)(B) because it requires premarket approval and is being marketed without such approval, and (3)

Thor is misbranded because no premarket notification was filed before it was commercially distributed, as required by 21 U.S.C. § 360(k), and its labelling is false or misleading under 21 U.S.C. § 352(a). Therefore, the United States claims, Thor is subject to seizure, condemnation and destruction under 21 U.S.C. § 334.

In support of its motion for summary judgment and motion to dismiss, the United States has presented the declarations of United States Food and Drug Administration ("FDA") investigators Laureen M. Geniusz and Frederick M. Lochner, Robert I. Chissler, deputy director of the Program Operations Staff of the Office of Device Evaluation, Center for Devices and Radiological Health at the FDA; Dr. John H. Renner, M.D.; and Ronald J. Pytel, senior technical information specialist at the Center for Devices and Radiological Health at the FDA. In opposition, Calf Mother has submitted the U.S.'s answers to interrogatories; the declarations of Christopher Taylor, vice-president of Chakras Sound System, Inc., which manufactured Thor; Edward Tedrick, Esq., who represented Chakras and assisted in filing the registration for Thor with the FDA; Dorothy Binn, a user of Thor; Mary A. Smith, manager of Window of the Mind Bookstore; Da'Nagasta, treasurer of Window of the Mind; Dr. C. Norman Shealy, M.D.; and Dr. Bernie Seigel, M.D. Calf Mother has also submitted several documentary exhibits, including letters, brochures, and magazine articles. The evidence discloses the following undisputed facts.

Thor is a vinyl covered bed with audio speakers mounted on its side. It is manufactured by Chakras Sound System, Inc. which has marketed it since approximately 1990. Chakras sold Thor through distributors, one of which was claimant Calf Mother. Chakras provided brochures to its distributors which described Thor as follows:

THOR OF GENESIS I uses 24 specially placed speakers which are aligned with the endocrine and lymphatic systems to create a unique balanced movement and massage for the entire body. This produces a relaxed state of body and mind which reduces stress and returns the body to its natural energy flow. The micro-massage of tissues and cells affects balance and circulation.

In addition, the brochure included a testimonial from Dorothy Binns which stated:

Talking to and meeting with the public daily can sometimes prove stressful. I find that a half hour on the Thor of Genesis I after work once a week relieves that stress and leaves me feeling great! Not so incidentally in the four months that I have been using the table, it has helped me reduce insulin from 50 units a day to 10 units occasionally. It has eliminated my need for anti acids [sic] (I was taking 12 per day). My cholesterol has been lowered from 350 to 250 and I have reduced the number of Darvocets I was taking for my arthritis by 65%. . . .

Although it did not prepare or print the brochures, and was not aware that the FDA had concerns about the brochure, Calf Mother purchased and used these brochures in distributing Thor. No application for premarket approval of Thor was ever submitted to the FDA.

Calf Mother asserts that Chakras did submit a "premarket notification" to the FDA which claimed Thor was substantially equivalent to other existing devices that did not require premarket approval. The United States denies that FDA received this notification. The FDA never determined that Thor was substantially equivalent to any preexisting device.

The Food, Drug and Cosmetic Act permits the seizure and condemnation of "[a]ny adulterated or misbranded device." 21 U.S.C. § 334(a)(2)(d). The term "device" is defined as:

an instrument, apparatus, implement, machine, contrivance . . . or other similar or related article, including any component, part, or accessory, which is—

\*     \*     \*     \*     \*     \*

(2) intended for use in the diagnosis of disease or other conditions, or in the cure,

mitigation, treatment, or prevention of disease, in man or other animals. . . .

21 U.S.C. § 321(h).

Calf Mother received a memorandum from Eugene M. Burk of the FDA which represented that " 'relaxation' has not been considered a medical or a health related claim in the absence of other more specific medical or health related indications for use." On this basis, Calf Mother argues that Thor is not a device subject to FDA regulation, because Thor is intended primarily for the purpose of relaxation; other health benefits flow from relaxation.

■■■ The "intended" uses of a device must be determined from objective evidence in promoting, distributing and selling the device. 21 C.F.R. § 801.4. Here, although Calf Mother argues that it sold Thor only as a "relaxation" device, the brochure disseminated by Chakras (which Calf Mother admittedly used in selling Thor) includes greater health-related claims. The brochure claims Thor improves circulation and balance. Ms. Binn's testimonial further suggests Thor reduces the need for insulin, reduces cholesterol, reduces arthritis pain, and relieves indigestion. These are uses "in the cure, mitigation, treatment, or prevention of disease." Hence, Thor is a "device" subject to FDA regulation.

The 1976 amendments to the Food, Drug and Cosmetic Act establish three classes of devices. All devices introduced into commercial distribution after the effective date of the 1976 amendments are automatically classified as Class III. 21 U.S.C. § 360c(f)(1). Class III devices are the most strictly regulated and are subject to premarketing approval before they may be released for commercial distribution. 21 U.S.C. § 360e.

The Class III classification (and therefore, the premarketing approval requirement) applies to all devices introduced for commercial distribution after the effective date of the 1976 amendments unless the manufacturer obtains an FDA determination that the device is substantially equivalent to a predicate device that either did not require premarket approval or was classified into Class I or Class II:

A device classified in class III under this paragraph shall be classified in that class *until the effective date of an order of the Secretary under paragraph (2) classifying the device in Class I or II.*

21 U.S.C. § 360c(f)(1) (emphasis added).

■■■ While Calf Mother asserts that Thor is substantially equivalent to a legally marketed Class II predicate device, the FDA never made such a determination. Under 21 U.S.C. § 360c(f)(1), a reclassification order was necessary to change the classification of Thor. Therefore, Thor was a Class III device which required premarket approval before commercial distribution. No application for premarket approval of Thor was submitted. A device is deemed adulterated and may not be legally marketed if it does not have an approved application for premarket approval. Therefore, Thor was adulterated.

Any adulterated device is "liable to be proceeded against at any time on libel of information and condemned in any district court of the United States ... within the jurisdiction of which they are found." 21 U.S.C. § 334(a)(2). Therefore, Thor is subject to condemnation and disposition under § 334. In light of the determination that Thor is adulterated under § 351, the Court need not address the question whether Thor was misbranded under § 352(a) or (o).

■■■ The determination that Thor is adulterated and subject to condemnation disposes of all of Calf Mother's counterclaims except its due process claim. Calf Mother argues that the seizure of Thor without prior notice and an opportunity to be heard violated its due process rights. The Supreme Court long ago concluded that the government's interest in protecting the public from potentially dangerous products permitted Congress to establish a procedure for post-seizure hearings in the Food, Drug and Cosmetic Act. *Ewing v. Mytinger & Casselberry,* 339 U.S. 594, 70 S.Ct. 870, 94 L.Ed. 1088 (1950). This holding has been repeatedly approved in subsequent due process cases before the Supreme Court. *See United States v. An Article of Device "Theramatic",* 715 F.2d 1339, 1342 (9th Cir. 1983) and cases cited therein.

There are no genuine issues as to any material facts. As a matter of law, Thor is an adulterated device subject to condemnation under 21 U.S.C. § 334. Therefore, the United States is entitled to a judgment of condemnation as a matter of law.

 While the United States requests an order for the destruction of Thor, § 334 gives this Court discretion whether to order the destruction of a condemned device or to permit the claimant to take possession of the device and either destroy it or bring it into compliance with the Food, Drug, and Cosmetic Act under the supervision of a person designated by the Secretary. The parties may submit briefs and evidence regarding the appropriate remedy in this case, together with proposed decrees, on or before March 6, 1995.