65 P.3d 515

**Everett BROWN, Claimant–Respondent–Cross Appellant,**

v.

**STATE of Idaho, INDUSTRIAL SPECIAL INDEMNITY FUND, Defendant–Appellant–Cross Respondent.**

No. 27836.

Supreme Court of Idaho,
Boise, December 2002 Term.

Feb. 27, 2003.

Hon. Alan G. Lance, Attorney General, Boise; Mallea Law Offices, Meridian, for appellant. Kenneth L. Mallea argued.

Landeck, Westberg, Judge & Graham, Moscow, for respondent. Charles L. Graham argued.

TROUT, Chief Justice.

This is a worker's compensation case dealing with the determination of a claimant's average weekly wage for calculation of benefits. The State of Idaho, Industrial Special

Indemnity Fund ("ISIF"), appeals the Industrial Commission's ("Commission") decision refusing to hold that Everett Brown's ("Claimant") total permanent disability income benefits should be paid at the rate of 45% of the average state weekly wage. Claimant cross-appeals the Commission's decision to delete a paragraph of its Findings of Fact. Claimant contends the paragraph supports calculating Claimant's average weekly wage at a rate higher than 45% of the state average weekly wage. Because the Commission erred as a matter of law and failed to make necessary factual findings, we remand for further proceedings consistent with this opinion.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Claimant injured his left knee in two separate work-related accidents in 1998. As a result of the accidents, Claimant filed two worker's compensation claims against his employer and its surety in February 1999. Claimant and the employer/surety then entered into a Lump Sum Settlement, which was approved by the Commission, in November 1999. In October 1999, Claimant filed a complaint against ISIF related to the February claims and preexisting impairment. Following a hearing before a referee in October 2000, the Commission adopted the referee's findings and conclusions. ISIF moved for reconsideration of the Commission's Order regarding Claimant's wage rate and date of stability. The Commission denied reconsideration and amended its decision by clarifying the date Claimant reached medical stability and deleted its finding regarding the hourly wage Claimant was earning before disability.

This dispute turns on the amount of Claimant's average weekly wage. In his complaints against the employer/surety, Claimant stated his average weekly wage as $320 per week, and in deposition testimony Claimant testified he was making $8.00 an hour with forty-hour minimum work weeks. However, in the settlement entered into between Claimant and the employer/surety, the parties stated that Claimant earned an average weekly wage of $287.08. ISIF contends that Claimant is bound by the average weekly wage recited in the settlement with the employer/surety.

## II.

### STANDARD OF REVIEW

When we review a decision of the Industrial Commission, we exercise free review over questions of law, but review questions of fact only to determine whether substantial and competent evidence supports the Commission's findings. *Lopez v. State*, 136 Idaho 174, 176, 30 P.3d 952, 954 (2001). Substantial and competent evidence is relevant evidence that a reasonable mind might accept to support a conclusion. *Id.* at 177, 30 P.3d at 955. Because the Commission is the fact finder, its conclusions on the credibility and weight of the evidence will not be disturbed on appeal unless they are clearly erroneous. *Id.* We do not weigh the evidence or consider whether we would have reached a different conclusion from the evidence presented. *Id.* The question of whether the Commission erred in failing to apply the doctrine of collateral estoppel is a question of law over which we exercise free review.

## III.

### DISCUSSION

Claimant settled all claims against his employer/surety when the Commission approved the Lump Sum Settlement on November 10, 1999. In his subsequent complaint against ISIF, the Commission issued an Order granting Claimant benefits based on an average weekly wage of $320. ISIF contends that Claimant is estopped from denying his average weekly wage at the time of injury was $287.08, because that was the rate stipulated to in the Lump Sum Settlement. Meanwhile, Claimant asserts that the Commission's decision regarding the benefit rate is correct, and that the issue of his average weekly wage was not actually litigated in the settlement proceedings with the employer/surety. Whether Claimant is estopped from claiming a higher wage rate

in the proceedings against ISIF depends on whether or not the wage rate recited in the Lump Sum Settlement was essential to that agreement. If the wage rate were essential to that agreement, then collateral estoppel would apply and would prevent litigating the wage rate in the proceedings with ISIF. Because the Commission did not determine if the wage rate were essential to the Lump Sum Settlement, we remand.

## A. The Commission Improperly Relied on *Res Judicata*

The Commission erroneously relied on the doctrine of *res judicata* to conclude that litigating Claimant's wage and benefit rate was not foreclosed against ISIF by virtue of the settlement with employer/surety. The Commission was correct in concluding that the settlement did not foreclose later proceedings against ISIF. *See Sines v. Appel*, 103 Idaho 9, 12, 644 P.2d 331, 334 (1982). However, ISIF asserts collateral estoppel (issue preclusion), not *res judicata*, applies to prevent Claimant from relitigating the wage issue. The distinction between *res judicata* and collateral estoppel is that the former may not apply unless both individuals were parties to a previous judgment, while the latter may be used defensively against a party to the original proceeding when that original party litigated the relevant issue in the prior action. *Shea v. Bader*, 102 Idaho 697, 699, 638 P.2d 894, 896 (1981). Claimant was an original party to the settlement agreement with employer/surety, but ISIF was not. Therefore, the issue the Commission should have considered is whether ISIF was entitled to assert collateral estoppel against Claimant.

## B. Collateral Estoppel Bars Relitigation of Decided Issues

Collateral estoppel applies to issues that actually and necessarily have been decided in prior litigation. The Commission did not consider the issue of collateral estoppel; consequently, the Commission did not properly consider whether Claimant's wage rate had actually and necessarily been decided in the Lump Sum Settlement.

### 1. Collateral estoppel applies to essential facts

We have previously dealt with the issue of whether collateral estoppel applies to stipulated facts in a settlement agreement between a claimant and employer when the claimant brought a subsequent action against ISIF. In *Jackman v. Indus. Special Indem. Fund*, 129 Idaho 689, 931 P.2d 1207 (1997), the claimant settled his claims against the employer/surety pursuant to a lump sum agreement. The agreement stated that the claimant had been examined and found to have 33% whole person impairment; benefits were paid based on the 33% impairment. Later, the claimant filed a claim against ISIF seeking to apportion the 33% whole person impairment into 13% preexisting permanent physical impairment and 20% attributable to the industrial accident.

This Court held that the claim against ISIF for the 13% preexisting permanent physical impairment was barred by collateral estoppel. Despite the claimant's contention that the lump sum agreement failed to apportion the 33% impairment between new and preexisting impairments, this Court held that the claimant was collaterally estopped because he had an opportunity to litigate the whole person impairment rating in the settlement proceedings. *Id.* at 692, 931 P.2d at 1210. To allow the claimant to attribute 13% of his 33% whole person impairment rating to a preexisting condition would have effectively increased the claimant's whole person impairment rating to 46% without supporting evidence. In essence, the claimant would be receiving compensation for the entirety of his impairment from his employer/surety, but would then also receive additional benefits from ISIF based on the same impairment rating. Collateral estoppel applied because a final determination of disability had been made in the prior settlement. *Id.* at 691, 931 P.2d at 1209 (stating that whether the issue was actually decided depends on "whether deciding the issue was 'necessary to [the prior] judgment.'"); *see also Rajspic v. Nationwide Mut. Ins. Co.*, 104 Idaho 662, 665, 662 P.2d 534, 537 (1983) ("Collateral estoppel precludes the relitigation of particular issues which were necessarily or actually decided by a previous decision of a different cause of action.").

## 2. The Commission failed to consider the applicability of collateral estoppel

■ The Commission did not determine whether Claimant's wage rate was actually decided in the Lump Sum Settlement. As a result, we are not in a position to determine if collateral estoppel applies. On remand, the Commission must re-examine the facts of this case to determine whether the stipulated weekly wage rate in the Lump Sum Settlement was essential or necessary to the Commission's approval of that agreement. *See Jackman,* 129 Idaho at 691, 931 P.2d at 1209. Mere recitation of a wage rate that is not necessary to the calculation of the settlement. amount will not trigger collateral estoppel. If the stipulated wage rate was necessary, then collateral estoppel applies and prevents Claimant from contending that his weekly wage rate was more than he stipulated to in the settlement. If, however, the Commission finds that the stipulated weekly wage rate was not actually decided or not necessary to the Lump Sum Settlement, then the Commission must state the weekly wage rate it uses to calculate Claimant's benefits. The Commission must then make its benefit award based on the applicable weekly wage.

### IV.

### CONCLUSION

The Commission's Order Denying Reconsideration And Amending Decision mistakenly relied on *res judicata.* On remand, we direct the Commission to determine whether Claimant's weekly wage rate was actually decided in the previous Lump Sum Settlement. To be actually decided, the wage rate must have been necessary to the calculation of the settlement amount and not merely a recitation. The Commission should then state the wage rate it uses to calculate Claimant's benefits. We remand to the Commission for further proceedings consistent with this opinion. Given the result, we do not award costs to either party.

Justices SCHROEDER, WALTERS, KIDWELL and EISMANN concur.