**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38134**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2012 Opinion No. 16** |
| Plaintiff-Appellant, | ) | |
| | ) | **Filed: April 4, 2012** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| ALEX PAUL GIOVANELLI, | ) | |
| | ) | |
| Defendant-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge. Hon. Barry E. Watson, Magistrate.

Appeal from order of the district court, on intermediate appeal from the magistrate, affirming order dismissing petition to transfer juvenile to the adult sex offender registry, <u>dismissed</u>.

Hon. Lawrence G. Wasden, Attorney General; Elizabeth A. Koeckeritz, Deputy Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Christopher D. Schwartz, Coeur d'Alene, for respondent.

---

MELANSON, Judge

The State of Idaho appeals from the district court's decision affirming the magistrate's order dismissing the state's petition to transfer Alex Paul Giovanelli to the adult sex offender registry. For the reasons set forth below, we dismiss the appeal based upon a lack of jurisdiction to rule on the merits.

**I.**

**FACTS AND PROCEDURE**

Giovanelli was adjudicated as a juvenile with a crime that required him to register as a juvenile sex offender pursuant to I.C. § 18-8407. Giovanelli reached age twenty-one on October 13, 2009. On October 14, 2009, Giovanelli received a letter from the Idaho State Police sex offender registry unit informing him that his obligation to register as a juvenile sex offender expired on his twenty-first birthday, he was no longer required to register under I.C. § 18-8407,

1

and his registry information had been deleted from the central sex offender database. On December 2, 2009, the state filed a petition to transfer Giovanelli to the adult sex offender registry pursuant to I.C. § 18-8410. For reasons not explained by the record, the petition was filed in Giovanelli's juvenile case and a hearing on the petition was held before a magistrate. The magistrate denied the petition, ruling that, because Giovanelli was twenty-one years old and pursuant to I.C. § 20-507, it no longer had jurisdiction to hear the petition. The state appealed to the district court. The district court affirmed the magistrate on different grounds. The district court determined that the magistrate had jurisdiction to decide the petition but that the petition was barred because it was not timely filed under I.C. § 18-8410. The state again appeals.

## II.

## STANDARD OF REVIEW

On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly. *State v. DeWitt*, 145 Idaho 709, 711, 184 P.3d 215, 217 (Ct. App. 2008). We examine the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Id.* If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.*

## III.

## ANALYSIS

The state argues that the district court erred in affirming the denial of its petition to transfer Giovanelli to the adult sex offender registry. Specifically, the state asserts the district court incorrectly applied the law in determining that the language of I.C. § 18-8410 required the state to file the petition to transfer prior to Giovanelli's twenty-first birthday. The state also asserts that the magistrate erred in concluding it was without jurisdiction to hear the petition. The facts of this case are similar to the facts in *State v. Johnson*, 152 Idaho 41, 266 P.3d 1146 (2011). In that case, an adult sex offender filed a petition in his previously dismissed criminal case seeking an exemption from his duty to register as a sex offender. The petition was denied. On appeal, our Supreme Court held that it had no jurisdiction to decide the appeal because sex offenders seeking exemption from filing under the Sex Offender Registration and Notification and Community Right-to-Know Act (SORA) must file their petition as a new civil action if their

2

criminal case has been dismissed or fully adjudicated and the time for appeal has run. Here, when Giovanelli reached the age of twenty-one years, jurisdiction under the Juvenile Corrections Act ended. I.C. § 20-506. The state's petition was filed in juvenile court after Giovanelli reached the age of twenty-one years. Therefore, following the rationale of *Johnson*, we note our lack of jurisdiction to decide the merits of this appeal and dismiss.

Because the merits of the petition were fully briefed and argued, and because the state may now wish to proceed with a separate civil case filed in district court[1], we address the merits only for guidance in that event. In affirming the magistrate's denial of the state's petition to transfer Giovanelli, the district court held that the petition was barred because the plain language of I.C. § 18-8410 required the state to file the petition before Giovanelli turned twenty-one. This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history, or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id.* Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

Idaho Code Section 18-8410 states that, "when a registered juvenile sex offender reaches twenty-one (21) years of age, the prosecutor may petition the court to transfer the offender to the adult registry." This introductory clause beginning with "when" unambiguously requires that an

---

[1] The proper court in which to file would be the district court, as the court of general jurisdiction.

offender attain the age of twenty-one before a petition to transfer may be filed. Only *when* an offender reaches twenty-one may the prosecutor file a petition. It would be contrary to a plain reading of the statute to require that a petition be filed *before* an offender has turned twenty-one. Therefore, the plain language of I.C. § 18-8410 does not require that the state file a petition to transfer a juvenile sex offender to the adult registry before the offender has reached the age of twenty-one.

In affirming the magistrate, the district court also ruled that, because Giovanelli had been "deleted" from the juvenile sex offender registry on his twenty-first birthday, no "transfer" to the adult registry could occur. Thus, Giovanelli argues on appeal that his juvenile registration had been purged and he could not be "transferred" to the adult registry because there was no information to transfer. We conclude there is no merit in this argument. The JORA does not contemplate transferring records or registration information which may, in fact, have been purged from the registry. Instead, it unambiguously contemplates transferring an *offender* who is then required to register as an adult sex offender pursuant to I.C. §§ 18-8301 to 8328. The existence or nonexistence of information on the juvenile registry is of no consequence. Accordingly, the district court was incorrect in holding that Giovanelli could not be transferred to the adult sex offender registry because he had been deleted from the juvenile sex offender registry.

## IV.
## CONCLUSION

We lack subject matter jurisdiction to decide the merits of this appeal. Accordingly, the appeal from the order of the district court, on intermediate appeal from the magistrate, affirming order dismissing the petition to transfer Giovanelli to the adult sex offender registry, is dismissed.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR.**