**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40884**

| | | |
|---|---|---|
| STATE OF IDAHO, SEX OFFENDER REGISTRY, | ) | 2014 Unpublished Opinion No. 425 |
| | ) | |
| | ) | Filed: March 21, 2014 |
| Plaintiff-Respondent, | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| ALEX PAUL GIOVANELLI, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Judgment placing defendant on adult sex offender registry, <u>affirmed</u>.

John M. Adams, Kootenai County Public Defender; Christopher D. Schwartz, Deputy Public Defender, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Stephanie A. Altig, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Alex Paul Giovanelli appeals from the district court's judgment granting the State's Idaho Code § 18-8410 petition to transfer Giovanelli from the juvenile sex offender registry to the adult sex offender registry. We affirm.

**I.**

**BACKGROUND**

The background of this case is described in this Court's opinion in a prior case by which the State sought to transfer Giovanelli to the adult sex offender registry:

> Giovanelli was adjudicated as a juvenile with a crime that required him to register as a juvenile sex offender pursuant to I.C. § 18-8407. Giovanelli reached age twenty-one on October 13, 2009. On October 14, 2009, Giovanelli received a letter from the Idaho State Police sex offender registry unit informing him that his obligation to register as a juvenile sex offender expired on his twenty-first birthday, he was no longer required to register under I.C. § 18-8407, and his

1

registry information had been deleted from the central sex offender database. On December 2, 2009, the state filed a petition to transfer Giovanelli to the adult sex offender registry pursuant to I.C. § 18-8410. For reasons not explained by the record, the petition was filed in Giovanelli's juvenile case and a hearing on the petition was held before a magistrate. The magistrate denied the petition, ruling that, because Giovanelli was twenty-one years old and pursuant to I.C. § 20-507, it no longer had jurisdiction to hear the petition. The state appealed to the district court. The district court affirmed the magistrate on different grounds. The district court determined that the magistrate had jurisdiction to decide the petition but that the petition was barred because it was not timely filed under I.C. § 18-8410.

*State v. Giovanelli*, 152 Idaho 717, 718, 274 P.3d 18, 19 (Ct. App. 2012). In that appeal, we held that the district court erred in concluding that the petition was barred because it was not timely filed before Giovanelli reached the age of twenty-one. *Id.* at 719, 274 P.3d at 20. We also concluded, however, that the magistrate court was correct in its assessment that because Giovanelli was twenty-one years old before the petition was filed in the juvenile case, by terms of I.C. § 20-507, it no longer had jurisdiction to hear the petition. In a footnote, we suggested that "[t]he proper court in which to file would be the district court, as the court of general jurisdiction." *Id.* at 719 n.1, 274 P.3d at 20 n.1.

Following that opinion, on June 4, 2012, the State filed a new I.C. § 18-8410 transfer petition as a separate civil proceeding in district court. The district court set a trial date of February 28, 2013, and on October 30, 2012, issued a scheduling order. Following discovery, on February 15, 2013, the State filed a motion requesting that the court take judicial notice of certain documents from Giovanelli's juvenile criminal case file. Giovanelli filed an objection to the motion on February 20, 2013. On February 25, the State filed an amended motion, and on the next day Giovanelli filed an amended objection.

The motion was argued on February 28, 2013, just before commencement of the trial. Giovanelli objected to the motion on the merits and also on the ground that the motion should not be heard at all because it was not filed and heard within the time constraints established in the district court's scheduling order. The district court overruled the latter objection, stating that the motion was "akin to a motion in limine" that "can be brought at any time" and that, in any event, Giovanelli had shown no prejudice because he had been provided adequate notice of the motion and had articulately argued against the propriety of taking judicial notice of the documents on the merits.

2

The district court granted the State's motion in part, taking judicial notice of only a portion of the documents covered by the State's request. The court took notice of an order and findings of fact dated December 22, 2008, from Giovanelli's juvenile case file, but specifically held that it was taking notice only that the juvenile court judge made the particular findings in that order--not that the findings were true. The district court stated that Giovanelli could present evidence to rebut those findings if he wished. The court refused the State's request to take judicial notice of facts set out in a "social investigation" from Giovanelli's juvenile case. Rather, the court took judicial notice only that a social investigation existed in the juvenile file. The court also took judicial notice that a probation revocation request and warrant of apprehension was issued in the juvenile case but did not take judicial notice of the assertions of fact contained in those documents. Lastly, the court took notice of findings and conclusions dated October 9, 2009, from the juvenile case. That is, the court took notice that another judge had made particular findings and particular conclusions. At no point did the court state that it was taking judicial notice of any evidence underlying prior judicial findings or accepting those findings as established facts.

Following the trial, the district court granted the State's petition by ordering Giovanelli's transfer to the adult sex offender registry. Giovanelli appeals from the judgment.

## II.

## ANALYSIS

The precise nature of Giovanelli's claims of error on appeal are not entirely clear. He does not contend that the documents of which the court took judicial notice were not properly noticeable under the Idaho Rules of Evidence. Rather, he contends that the State's motion and amended motion to take judicial notice were untimely and also complains that the court's action prejudiced Mr. Giovanelli and allowed the State "to establish several crucial facts without calling any witnesses." According to his brief on appeal, Giovanelli contends that the district court's findings that Giovanelli had "voluntarily admitted act(s) constituting the offense of lewd conduct with a minor," and that "Magistrate Judge Barry Watson concluded that the defendant had violated the conditions of his court-ordered probation," could not have been made if the district court had not granted the State's motion to take judicial notice. He complains that "allowing the State to prove facts utilizing Idaho Rule of Evidence 201 in this manner "allows the majority of the facts to be proven without the Defendant being afforded an opportunity to contest the facts."

3

**A.      Untimeliness of Motion**

Idaho Rule of Evidence 201(d)[1] expressly contemplates that a court may take judicial notice of records from a court file in the same or a separate case.  If a party has requested judicial notice of a matter that is properly the subject of such notice, the court must grant the request if it has been supplied with the necessary information.  *Id.*

We address first Giovanelli's assertion that the State's motion should not have been heard because it was not filed and heard within the time limit imposed by the district court's scheduling order and because it was filed one day late under the time constraint set forth in Idaho Rule of Civil Procedure 7(b)(3)(A).  Preliminarily, we note that Giovanelli's appeal suffers from a number of shortcomings.  Among them, Giovanelli has failed to include the State's motion and amended motion, his objection and amended objection, or the district court's scheduling order as part of the record in this appeal.  Pertinent missing portions of the record must be presumed to support the action of the trial court.  *Retamoza v. State*, 125 Idaho 792, 795, 874 P.2d 603, 606 (Ct. App. 1994); *Kugler v. Drown*, 119 Idaho 687, 690, 809 P.2d 1166, 1169 (Ct. App. 1991).  Moreover, documents and transcripts that Giovanelli has provided do not show that he made any objection based on I.R.C.P. 7(b)(3)(A), and issues not raised below generally may not be considered for the first time on appeal.  *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991).

Even if we were to conclude that the scheduling order and Rule 7 were violated, such a conclusion would not require reversal of the judgment because no prejudice has been shown.  In *Ponderosa Paint Mfg., Inc. v. Yack*, 125 Idaho 310, 317, 870 P.2d 663, 670 (Ct. App. 1994), this Court addressed an argument of the defendants that a summary judgment against them should be reversed because the summary judgment motion and accompanying affidavit had not been timely served.  We rejected that contention, noting that the defendants had not demonstrated that even if given additional time, they could have prevented entry of summary judgment against them and

---

[1]      It states:

> When a party makes an oral or written request that a court take judicial notice of records, exhibits or transcripts from the court file in the same or a separate case, the party shall identify the specific documents or items for which the judicial notice is requested or shall proffer to the court and serve on all parties copies of such documents or items.  A court shall take judicial notice if requested by a party and supplied with the necessary information.

thus had not shown that they were prejudiced by the late service of the summary judgment motion. We explained:

> [Idaho Rule of Civil Procedure 61] provides that no error or defect in the conduct of the court or of the parties constitutes a ground for vacating a judgment or order unless the refusal to take such action "appears to the court inconsistent with substantial justice." The rule directs that the court at every stage of the proceeding must disregard any error that does not affect the substantial rights of the parties. Thus, Rule 61 essentially embodies the precept that an appellate court will not grant relief for harmless error.

*Id.*

We recognized the same principle in *In re Estate of Keevan*, 126 Idaho 290, 296, 882 P.2d 457, 463 (Ct. App. 1994), stating:

> This Court recognizes the importance of the civil rules concerning the time requirements for filing and service of motions. We do not condone a litigant's disregard of these time restrictions. However, the purpose of such rules is to provide sufficient notice of issues to be addressed and relief sought so that the opposing party may adequately prepare to present its position. The notice rules are not jurisdictional, *Jarman v. Hale*, 112 Idaho 270, 272, 731 P.2d 813, 815 (Ct. App. 1986), and they do not provide grounds for reversal on appeal for a party who has no substantive defense to the motion and who was not prejudiced by the inadequate notice. This Court will not grant relief for what is, at most, harmless error.

Here, Giovanelli does not assert that the district court's decision to take judicial notice of certain documents was wrong on the merits or that he could have more successfully opposed the motion if it had been filed or heard earlier; nor has he shown that the alleged tardiness of the motion otherwise impeded his ability to present his defense at trial. Thus, the untimeliness of the State's motion was, at most, harmless.[2]

**B.    Defendant's Opportunity to Contest the Evidence**

If and to the extent that Giovanelli contends the district court's judicial notice of findings made in the juvenile case prevented him from challenging the facts found, the argument is belied by the record. The district court correctly recognized that it could take judicial notice only of the existence of the documents and the statements therein, not the accuracy or truthfulness of the

---

[2]    Even if the court had declined to hear the State's motion to take judicial notice on the ground that the motion was untimely, the records from the juvenile case would not have been inadmissible. Certified copies of the same records could have been proffered pursuant to Idaho Rules of Evidence 803(8) and 902(4).

statements or of any evidence upon which the juvenile court's findings were based. The district court specifically stated that it was finding only that the judge had made particular findings but not that those were "irrebuttable facts" and said that the defense would be allowed to present evidence to rebut those facts if it wished.

Moreover, Giovanelli likely *could have been* precluded from relitigating the findings that underlay the juvenile court's judgment not because the court took judicial notice of the document but by application of the doctrine of collateral estoppel. Under the doctrine of collateral estoppel, once a court has decided an issue of fact or law necessary to a judgment, that decision is conclusive against a party to that litigation when the issue is presented in a subsequent suit involving that party. *Richardson v. Four Thousand Five Hundred Forty-Three Dollars, U.S. Currency*, 120 Idaho 220, 222, 814 P.2d 952, 954 (Ct. App. 1991). Collateral estoppel applies to issues that were actually and necessarily decided in prior litigation. *Brown v. State, Indus. Special Indem. Fund*, 138 Idaho 493, 496, 65 P.3d 515, 518 (2003). The doctrine has been applied in civil actions to preclude relitigation of issues resolved in prior criminal proceedings. *Richardson*, 120 Idaho at 222-24, 814 P.2d at 954-56. Thus, the district court gave Giovanelli an opportunity to which he likely was not entitled, in the present proceeding, to contest the factual issues that had already been litigated and resolved against him by way of the judgment in the juvenile case.

B.      Attorney Fees

In the body of its respondent's brief, the State requests that this Court "award Plaintiff costs and reasonable attorney fees for having to respond to this appeal. IDAHO CODE § 12-117." Idaho Appellate Rule 35(b)(5) requires a respondent seeking attorney fees to designate entitlement to fees as an additional issue on appeal in the form required by I.A.R. 35(b)(4) and 35(a)(4). The State did not list attorney fees as an additional issue on appeal. Further, a party requesting attorney fees on appeal must support its claim with authority and argument; a citation to statutes and rules authorizing fees, without more, is insufficient. *Carroll v. MBNA America Bank*, 148 Idaho 261, 270, 220 P.3d 1080, 1089 (2009). Although the State cited to section 12-117 in its brief, it did not provide supporting argument as to why fees should be awarded under the statute. Thus, we decline to award attorney fees to the State on appeal. *See Evans v. Sayler*, 151 Idaho 223, 228, 254 P.3d 1219, 1224 (2011); *Jones v. Starnes*, 150 Idaho 257, 264, 245 P.3d 1009, 1016 (2011); *Carroll*, 148 Idaho at 270, 220 P.3d at 1089.

## III.
## CONCLUSION

The district court's judgment is affirmed.  Costs to respondent.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**