542 P.2d 1169

C. A. MERRICK, Plaintiff-Respondent,

v.

Ivan PEARCE and Flying V Cattle Company, Inc., a corporation, Defendants-Appellants.

Ivan PEARCE and Flying V Cattle Company, Inc., a corporation, Plaintiffs-Appellants,

v.

WESTERN SURETY COMPANY, a corporation, Defendant-Respondent.

Nos. 11800, 11799.

Supreme Court of Idaho.

Nov. 26, 1975.

Perce Hall, of Hall & Friedly, Mountain Home, for defendants-appellants.

Ronald G. Carter, of Carter, Gines & Rice, Boise, for C. A. Merrick.

C. Ben Martin, of Martin, Chapman, Lyons & Hyde, Boise, for Western Surety Co.

**PER CURIAM:**

■ This opinion deals with two related cases which have been consolidated for consideration upon appeal. In the principal case, No. 11800, the plaintiff respondent C. A. Merrick sued the defendant appellants Ivan Pearce and Flying V Cattle Co., alleging that he had cared for and fed the defendants' cattle, but the defendants had not fully paid him for his services. The defendants counterclaimed, alleging that Merrick had converted some of their cattle. The case was tried before a jury, which returned special verdicts of $5,422.99 for the plaintiff in his claim against the defendants and for $7,994.67 for the defendants upon their counterclaim against the plaintiff. The trial judge, however, entered judgment for the defendants against the plaintiff in the amount of $8,441.35 rather than in the amount of $2,571.68, the difference between the special verdicts. Ten months later Merrick moved to amend the judgment so that it would be in the amount of $2,571.68. The trial court, proceeding under I.R.C.P. 60(a),[1] granted the motion and entered an amended judgment *nunc pro tunc* upon the verdicts for $2,571.68. Pearce and Flying V have appealed. We affirm No. 11800.

■ The other case, No. 11799, was initiated when the plaintiff appellants Pearce and Flying V sued the defendant respondent Western Surety Company, the company which had provided a bond for Merrick in the principal case, No. 11800. Judgment was entered against Western Surety based upon the unsatisfied judgment the plaintiffs had obtained against Merrick. Later, when Merrick moved the court for an amended judgment *nunc pro tunc,* Western Surety did also. The trial court reduced the judgment against Western Surety to reflect the reduction in the judgment against Merrick. Pearce and Flying V appealed. By entering the amended judgment *nunc pro tunc* against Western Surety, the trial court was acting pursuant to its authority under I.R.C.P. 60(b)(5) [2] because the prior judgment upon which it was based had been modified. We affirm No. 11799.

Judgments affirmed. Costs to respondents.

---

1. "RULE 60(a). RELIEF FROM JUDGMENT OR ORDER—CLERICAL MISTAKES.—Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. . . ."

2. "RULE 60(b). . . . GROUNDS FOR RELIEF FROM JUDGMENT OR ORDER. —On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) . . . a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; . . ."