914 P.2d 933

**Gene Francis STUART, Petitioner–
Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 21684.

Supreme Court of Idaho,
Boise, December 1995 Term.

Feb. 15, 1996.

Rehearing Denied April 24, 1996.

Robert E. Kinney, Jr., Orofino, for appellant.

Alan G. Lance, Attorney General; Lynn E. Thomas, Deputy Attorney General, Boise, for respondent. Lynn E. Thomas argued.

JOHNSON, Justice.

This is a post-conviction proceeding in a death penalty case. We conclude that the trial court was correct in denying the petitioner's I.R.C.P. 60(b)(5) motion, which asserted that the Court's opinion in *State v. Tribe*, 123 Idaho 721, 852 P.2d 87 (1993) requires that the petitioner receive a new trial because the jury was not instructed on second degree murder by torture.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

In 1982, Gene Francis Stuart was convicted of first degree murder by torture and sentenced to death. The Court upheld Stuart's death sentence on his direct appeal in *State v. Stuart*, 110 Idaho 163, 715 P.2d 833 (1985) (*Stuart I*), and upheld the trial court's dismissal of Stuart's first petition for post-conviction relief in *Stuart v. State*, 118 Idaho 865, 801 P.2d 1216 (1990) (*Stuart II*). In *Stuart v. State*, 118 Idaho 932, 935, 801 P.2d 1283, 1286 (1990) (*Stuart III*), the Court reversed the trial court's summary dismissal of Stuart's second petition for post-conviction relief and remanded for an evidentiary hearing, holding that Stuart had raised a triable issue of fact. On remand, the trial court denied all the relief sought by Stuart's second petition. The Court reversed this denial and remanded the case to the trial court with instructions. *Stuart v. State*, 127 Idaho 806, 817, 907 P.2d 783, 794 (1995) (*Stuart IV*).

While the appeal in *Stuart IV* was pending, Stuart made an I.R.C.P. 60(b)(5) motion, asserting that the Court's opinion in *State v. Tribe*, 123 Idaho 721, 852 P.2d 87 (1993), regarding second degree murder by torture reverses *Stuart I*, thereby entitling Stuart to relief from the trial court's judgment rendered after the evidentiary hearing.

The trial court denied Stuart's I.R.C.P. 60(b)(5) motion, and Stuart appealed.

## II.

### THE TRIAL COURT CORRECTLY DENIED THE I.R.C.P. 60(b)(5) MOTION.

Stuart asserts that the trial court should have granted the I.R.C.P. 60(b)(5) motion and applied *Tribe* to Stuart's case. We disagree.

■ I.R.C.P. 60(b)(5) (1995) provides a means of obtaining relief from a final judgment which is based on a prior judgment that has been reversed, or otherwise vacated, or if "it is no longer equitable that the judgment should have prospective application." The motion may be made during the pendency of an appeal as it was in this case, or even after entry of a final judgment; the only requirement is that it be raised "within a reasonable time." *Id.*

■ Having said this, however, we hasten to point out that I.R.C.P. 60(b)(5) is not applicable here because *Tribe* does not reverse *Stuart I*. There is a reversal only when an appellate court overturns a lower court's decision in the same case. Because *Tribe* and *Stuart I* are unrelated cases, the most *Tribe* could have done was overrule *Stuart I*, which it does not. When an appellate court overrules past precedent, the jurisprudence of retroactivity comes into play, not I.R.C.P. 60(b)(5). As the Court pointed out in *Curl v. Curl*, I.R.C.P. 60(b)(5) is limited to situations where a prior judgment is reversed and " 'the present judgment is based on the prior judgment in the sense of res judicata or collateral estoppel.' " 115 Idaho 997, 1000, 772 P.2d 204, 207 (1989) (quoting 11 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2863 (1973)).

■ Contrary to Stuart's argument, there is no basis for retroactively applying *Tribe* to *Stuart I* because *Tribe* does not even overrule *Stuart I*. Stuart invoked only parts IA and II of the *Tribe* opinion in his I.R.C.P. 60(b)(5) motion. Parts IA and II of the *Tribe* opinion, which state that *Stuart I* was wrongly decided because the trial court had a

*sua sponte* duty to instruct the jury on all lesser included offenses, were written by Justice Bistline and concurred in only by myself. 123 Idaho 721, 729, 852 P.2d 87, 95 (1993). Therefore, these parts do not constitute a decision of the Court. Idaho Const. art. V, § 6; *Osick v. Public Employee Retirement System,* 122 Idaho 457, 459–60, 835 P.2d 1268, 1270–71 (1992). Although part IB of *Tribe* is a majority opinion, it does not overrule *Stuart I.* It holds that second degree murder by torture exists in Idaho. *Stuart I* relied on Stuart having invited error, rather than the non-existence of second degree murder by torture in Idaho. 110 Idaho at 169–70, 715 P.2d at 839–40.

█ Even if *Tribe* had overruled *Stuart I,* the fact that *Stuart I* was final when *Tribe* was issued would preclude retroactive application. *See Fetterly v. State,* 121 Idaho 417, 418–19, 825 P.2d 1073, 1074–75 (1991), *cert. den.* 506 U.S. 1002, 113 S.Ct. 607, 121 L.Ed.2d 542 (1992) (holding new decision on death penalty sentencing did not apply retroactively to already final cases).

## III.

## CONCLUSION

We affirm the trial court's denial of Stuart's I.R.C.P. 60(b)(5) motion.

We note that we have not addressed Stuart's claim that his constitutional rights were violated by the trial court's failure in his trial to instruct the jury on second degree murder. This issue is not properly before the Court because it is not pertinent to the I.R.C.P. 60(b)(5) motion.

McDEVITT, C.J., and SILAK and SCHROEDER, JJ., and TRANSTRUM, J. Pro Tem, concur.