**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39969**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 448 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 17, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RYAN DONALD SMALL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Kathryn A. Sticklen, District Judge. Hon. Daniel L. Steckel, Magistrate.

Order affirming conviction for driving without privileges, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Dennis A. Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Ryan Donald Small appeals from the district court's order, on intermediate appeal, affirming his conviction for driving without privileges, Idaho Code § 18-8001. We affirm.

**I.**

**FACTS AND PROCEDURE**

Small was initially charged with a single count of driving without privileges. Later the prosecutor filed first and second amended complaints, each amendment enhancing his initial driving without privileges charge as a result of prior convictions. Small moved to suppress all evidence resulting from his traffic stop, claiming the traffic stop was unconstitutional. At the suppression hearing the arresting police officer, under subpoena, failed to appear. The prosecutor was unable to account for the police officer's whereabouts and requested a continuance. Small moved to dismiss the case as a sanction for the officer's absence. The

1

magistrate orally granted Small's motion to dismiss and a notation also appears on the second amended complaint stating "5/7/10 Dismissed DLS."

Within hours of the hearing, and before a written order was filed, the magistrate determined that the dismissal was not appropriate because the prosecutor was not given reasonable notice, pursuant to Idaho Criminal Rule 48.[1] The magistrate sent the prosecutor and defense counsel the following email:

> Upon leaving the bench today I realized that dismissal of this case was technically improper without proper notice under [I.C.R.] 48. With that in mind, the City is free to file a motion to reconsider the dismissal. If the City would like me to reconsider the denial of the continuance, it will have to show good cause for the officer's absence.

The prosecutor filed a motion to reconsider the dismissal, explaining that the police officer failed to appear because he was teaching a class at the police academy and had mistakenly thought he had been released from his subpoena. The magistrate granted the motion.

Subsequently, Small's motion to suppress was vacated and the case was set for a pretrial conference. Small failed to appear at the pretrial conference and the magistrate issued a bench warrant for his arrest. Small filed a motion to quash the bench warrant arguing that the magistrate lost jurisdiction after dismissing the case. Therefore, Small argued that the magistrate

---

[1]     I.C.R. 48 provides:

> (a) Dismissal on motion and notice. The court, on notice to all parties, may dismiss a criminal action upon its own motion or upon motion of any party upon either of the following grounds:
>> (1) For unnecessary delay in presenting the charge to the grand jury or if an information is not filed within the time period prescribed by Rule 7(f) of these rules, or for unnecessary delay in bringing the defendant to trial, or
>> (2) For any other reason, the court concludes that such dismissal will serve the ends of justice and the effective administration of the court's business.
> (b) Order of dismissal. When a court dismisses a criminal action upon its own motion or upon the motion of any party under this rule, it shall state in the order of dismissal its reasons for such dismissal.
> (c) Effect of dismissal. An order for dismissal of a criminal action is a bar to any other prosecution for the same offense if it is a misdemeanor, but it is not a bar if the offense is a felony.

had no jurisdiction to entertain the prosecution's motion to reconsider. The magistrate denied the motion.

Thereafter, Small entered a conditional guilty plea to an amended charge of driving without privileges (without the enhancement of his prior convictions). The magistrate sentenced him to twenty-eight days in jail and issued a fine. The magistrate stayed the sentence pending appeal. Small appealed to the district court, arguing that the magistrate did not have jurisdiction to reconsider its order of dismissal. The district court, in its appellate capacity, affirmed the magistrate's judgment. Small timely appeals.

## II.

## ANALYSIS

Small claims that the magistrate did not have jurisdiction to reconsider its order of dismissal.[2] On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008); *State v. DeWitt*, 145 Idaho 709, 711, 184 P.3d 215, 217 (Ct. App. 2008). We examine the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Losser*, 145 Idaho at 672, 183 P.3d at 760; *DeWitt*, 145 Idaho at 711, 184 P.3d at 217. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Losser*, 145 Idaho at 672, 183 P.3d at 760; *DeWitt*, 145 Idaho at 711, 184 P.3d at 217. The issue of whether the magistrate had jurisdiction to reconsider its order of dismissal is a question of law over which we exercise free review. *Troupis v. Summer*, 148 Idaho 77, 79, 218 P.3d 1138, 1140 (2009); *State v. Peterson*, 148 Idaho 610, 613, 226 P.3d 552, 555 (Ct. App. 2010). A court's jurisdiction does not continue forever. *State v. Jakoski*, 139 Idaho 352, 354, 79 P.3d 711, 713 (2003). "Absent a statute or rule extending its jurisdiction, the trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes

---

[2] Small's guilty plea is ambiguous as to whether the plea was conditional. Therefore, Small first argues that his guilty plea was conditional and that he did not waive his right to appeal. The State does not dispute that the guilty plea was conditional. Therefore, we do not address this issue.

3

final, either by expiration of the time for appeal or affirmance of the judgment on appeal." *Id.* at 355, 79 P.3d at 714 (footnote omitted).

In the instant case, the magistrate orally granted Small's motion to dismiss after the arresting police officer failed to appear at the suppression hearing:

COURT:                            Well, I'm not thrilled about this, but I--I am going to dismiss this.

. . . .

COURT:                            So, with that, this is dismissed.

. . . .

DEFENSE COUNSEL:      And, Your Honor, that's with prejudice?
COURT:                            Yeah.  It's dismissed.

The magistrate also wrote on the second amended complaint, "5/7/10 Dismissed DLS."  Small contends that the annotation on the complaint effectively dismissed his case.  He asserts that the dismissal was a final order and the magistrate lost jurisdiction immediately upon dismissal.  Accordingly, Small contends that the State was unable to move the magistrate for reconsideration, and the magistrate lacked jurisdiction to entertain the motion.  Small further claims that the State's only available action would have been to file a notice of appeal.

The State contends that the magistrate never entered a final, appealable order of dismissal.  First, the State argues that the annotation on the complaint is crossed out.  Second, the State argues that the annotation was not on a separate document as required by I.C.R. 47.  Third, the State argues that the alleged order was never filed with the clerk; therefore, the time for filing an appeal pursuant to Idaho Appellate Rule 14 did not start.  The district court, in its appellate capacity, found that the magistrate's dismissal was not final or valid because:  (1) the magistrate never filed a judgment of dismissal pursuant to I.C.R. 33(b); and (2) "the magistrate never filed an order of dismissal stating the reason why he was dismissing the action," pursuant to I.C.R. 48(b).  "Subject matter jurisdiction is the power to determine cases over a general type or class of dispute."  *State v. Jensen*, 149 Idaho 758, 761, 241 P.3d 1, 4 (Ct. App. 2010) (quoting *Bach v. Miller*, 144 Idaho 142, 145, 158 P.3d 305, 308 (2007)).  The Idaho Supreme Court has stated that once subject matter jurisdiction is acquired, it continues until some event ends the power.  *State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004); *Jensen*, 149 Idaho at 761, 241 P.3d at 4.  In the instant case, Small claims that the event ending the magistrate's jurisdiction was the entry of dismissal of his case.  For reasons discussed below, we disagree.  However, even assuming arguendo that jurisdiction is lost upon the entry of a dismissal, Small's

4

argument still fails because the magistrate never entered a valid and final dismissal. The procedure to dismiss a criminal case is governed, in part, by the Idaho Criminal Rules. When a defendant is entitled to be discharged, the magistrate is required to enter judgment. I.C.R. 33(b). "The judgment shall be signed by the judge and entered by the clerk." *Id.* Documents entered by the clerk contain the clerk's filing stamp indicating the date of filing. I.C.R. 49(b). Additionally, the time to file an appeal runs from the "date evidenced by the filing stamp of the clerk." I.A.R. 14(a).

Here, the magistrate, for a brief period of time, determined that Small was entitled to be discharged. However, the magistrate never provided a judgment that was entered by the clerk. Small claims that the judgment effectively discharging him is the second amended complaint that contains the annotation. Although the complaint has a filing stamp from when it was initially filed, the complaint does not contain a second clerk's filing stamp indicating that it was filed after the annotation was made by the magistrate. Small argues that the magistrate's initials and the date on the annotation is the equivalent of a clerk's filing stamp. We disagree. In regards to filing a document, I.C.R. 49(c) provides that "[d]ocuments shall be filed in the manner provided in civil actions." Idaho Rule of Civil Procedure 5(e)(1) provides that "[t]he judge or clerk shall indorse upon every pleading and other paper the hour and minute of its filing." In the instant case, the date and initials of the magistrate on the second amended complaint is not sufficient to equate to a clerk's filing stamp. Therefore, the annotation on the second amended complaint is not a valid and final entry of dismissal because it was never filed by the clerk. Thus, even assuming jurisdiction were lost upon the entry of dismissal, the magistrate here never lost jurisdiction because there was no final and valid entry of dismissal.

Nevertheless, we disagree with Small's contention that jurisdiction is lost upon entry of dismissal. As discussed above, subject matter jurisdiction continues until some event ends the power. *Rogers*, 140 Idaho at 228, 91 P.3d at 1132; *Jensen*, 149 Idaho at 761, 241 P.3d at 4. For instance, in *Jakoski*, the Idaho Supreme Court held that a trial court loses subject matter jurisdiction to rule on a motion for withdrawal of a guilty plea when the judgment of conviction becomes final. *Jakoski*, 139 Idaho at 355, 79 P.3d at 714; *Jensen* 149 Idaho at 762, 241 P.3d at 5. In that case, the Idaho Supreme Court determined that a judgment becomes final at the expiration of the time for appeal or the affirmance of the judgment on appeal. *Jakoski*, 139 Idaho at 355, 79 P.3d at 714. Although *Jakoski* specifically refers to the finality of a judgment of

conviction, case law supports applying the reasoning of *Jakoski* to the finality of dismissals. In *State v. Peterson*, 153 Idaho 157, 280 P.3d 184 (Ct. App. 2012), this Court addressed a claim that the district court lacked subject matter jurisdiction to entertain a motion filed more than ten months after the entry of dismissal. Applying the reasoning of *Jakoski*, we held that "[t]he district court's order dismissing Peterson's felony conviction became final after the expiration of the time for appeal or affirmance of the dismissal on appeal and, therefore, the district court's jurisdiction to amend the order expired at that time." *Peterson*, 153 Idaho at 167, 280 P.3d at 194. *See also State v. Swartz*, 109 Idaho 1033, 712 P.2d 734 (Ct. App. 1985) (holding that a timely appeal from the dismissal of the case prevented the order of dismissal from becoming final). Thus, contrary to Small's contention, an order of dismissal is not final when entered, but when the time for appeal expires.

In the instant case, the magistrate's oral dismissal and the annotation on the complaint were issued on May 7, 2010. The magistrate recognized an error in the dismissal and notified the parties within hours. The prosecutor then filed a motion to reconsider on May 13, 2010. The magistrate granted the motion on May 19, 2010. All of these occurrences were within the forty-two-day time limit to file a notice of appeal. Therefore, the dismissal never became final and no event occurred causing loss of the magistrate's subject matter jurisdiction. Accordingly, the magistrate retained jurisdiction and had the right to take immediate steps to remedy any errors.

### III.

### CONCLUSION

The magistrate had jurisdiction to reconsider its order of dismissal. Small has failed to demonstrate reversible error. Accordingly, the district court's order, on intermediate appeal, affirming the magistrate's decision is affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**