# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 40756

KATIE ALDERSON, individually, and
KELLI ALDERSON, individually,

      Plaintiffs-Respondents,

v.

GARY LYNN BONNER,

      Defendant-Appellant.

2014 Unpublished Opinion No. 600

Filed: June 30, 2014

Stephen W. Kenyon, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas J. Ryan, District Judge.

Order denying motion for relief from final judgment, <u>affirmed</u>.

Gary Lynn Bonner, Nampa, pro se appellant.

William A. McCurdy, Boise, for respondents.

---

GUTIERREZ, Chief Judge

      Gary Lynn Bonner appeals pro se from the district court's order denying his motion for relief from a final judgment. For the reasons that follow, we affirm.

## I.

## FACTS AND PROCEDURE

      As a result of a civil suit against Bonner, Katie Alderson and Kelli Alderson (the Aldersons) were awarded a monetary judgment. Following an appeal, a second amended judgment was issued by the district court. More than six years after the second amended judgment was issued, Bonner filed an Idaho Rule of Civil Procedure 60(b) motion with the district court, seeking relief from the second amended judgment under subsections (4), (5), and (6). Bonner averred that no efforts were made by the Aldersons to enforce the judgment against him. In addition, Bonner argued that the Aldersons could not seek execution on the judgment nor renew the judgment and argued that any lien on his real property was no longer valid. The district court entered a notice of intent to grant the motion, but provided the Aldersons time to

1

object. The Aldersons filed an objection to the motion, contending that Bonner's bankruptcy filing precluded the relief sought. Bonner responded with an affidavit that stated he had never filed for bankruptcy. The district court denied Bonner's motion, reasoning that "[t]here is nothing in the statutes or rules cited by [Bonner] that affirmatively grants the Court the ability to grant a motion for relief from a valid final judgment." Bonner appeals.[1]

## II.

## ANALYSIS

The decision to grant or deny a motion under Rule 60(b) is committed to the discretion of the trial court. *Eby v. State*, 148 Idaho 731, 734, 228 P.3d 998, 1001 (2010). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). Moreover, an appellate court may affirm a lower court's decision on a legal theory different from the one applied by that court. *In re Estate of Bagley*, 117 Idaho 1091, 1093, 793 P.2d 1263, 1265 (Ct. App. 1990).

Under Rule 60(b), a party may request relief from a final judgment. Bonner argues the district court abused its discretion by denying his Rule 60(b) motion and contends he should be granted relief from the second amended judgment. First, Bonner proffers that he is entitled to relief under subsection (4). Subsection (4) provides relief when the judgment is void. *State v. Peterson*, 153 Idaho 157, 163, 280 P.3d 184, 190 (Ct. App. 2012). In *Peterson*, we stated:

> In order for a judgment to be void, there must be some jurisdictional defect in the court's authority to enter the judgment, either because the court lacks personal jurisdiction or because it lacks jurisdiction over the subject matter of the suit. Additionally, a judgment is void when a court's action amounts to a plain usurpation of power constituting a violation of due process.

*Id.* (citations omitted). Bonner does not argue that there is a jurisdictional defect nor does he argue some other reason why the second amended judgment is void. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d

---

[1] The respondents did not file a brief with this Court, but instead filed a letter stating that they opposed all positions taken by Bonner.

434, 440 (Ct. App. 1997). This rule applies to pro se litigants because "[p]ro se litigants are held to the same standards and rules as those represented by an attorney." *Suitts v. Nix*, 141 Idaho 706, 709, 117 P.3d 120, 123 (2005). Therefore, subsection (4) does not support Bonner's motion.

Bonner's second reason for relief is subsection (5). A judgment for damages (i.e., money) cannot be modified under subsection (5). *VanderWal v. Albar, Inc.*, 154 Idaho 816, 823, 303 P.3d 175, 182 (2013) (citing *Meyers v. Hansen*, 148 Idaho 283, 290, 221 P.3d 81, 88 (2009)). For that reason, Bonner cannot be granted relief under subsection (5).

Finally, Bonner asserts he is entitled to relief under subsection (6). Subsection (6) provides relief for "any other reason justifying relief from the operation of the judgment." In fact, "Relief can be granted under subsection (6) 'only on a showing of unique and compelling circumstances justifying relief.'" *VanderWal*, 154 Idaho at 823, 303 P.3d at 182 (quoting *Miller v. Haller*, 129 Idaho 345, 349, 924 P.2d 607, 611 (1996)). Bonner's brief on appeal does not argue, or show, unique and compelling circumstances justifying relief. Accordingly, this issue is waived. *Powell*, 130 Idaho at 128, 937 P.2d at 440.

Bonner cites to *Grazer v. Jones*, 154 Idaho 58, 284 P.3d 184 (2013), for the proposition that "Idaho Courts have granted relief from judgments because they have expired." In *Grazer*, the Idaho Supreme Court affirmed the district court's grant of summary judgment to the respondent because the appellant's lien had expired, the appellant did not plead a cause of action based on the out-of-state judgment, and the appellant did not timely request a writ of execution. *Grazer*, 154 Idaho at 71, 294 P.3d at 197. Contrary to Bonner's statement, *Grazer* did not grant Rule 60(b) relief from a final judgment; rather, *Grazer* granted summary judgment under Idaho Rule of Civil Procedure 54.

Finally, we do not address other issues raised on appeal by Bonner that question the district court's interpretation of certain statutes; the district court's order denying Bonner's motion did not rely on the interpretation of these statutes. Because none of the reasons offered by Bonner support his Rule 60(b) motion for relief, we cannot say that the district court abused its discretion by denying Bonner's motion. Thus, we affirm.

Judge GRATTON and Judge MELANSON **CONCUR.**